JENNETTE HAYES, Appellant, *v.* HUDSON RIVER TELE-
PHONE COMPANY, Respondent. ·

*Contract — alleged oral agreement to pay injured employee a certain
sum weekly until recovery and then furnish him life employment.*

*Hayes* v. *Hudson River Telephone Co.*, 185 App. Div. 919, affirmed.
(Argued April 21, 1920; decided May 7, 1920.)

APPEAL from a judgment of the Appellat Division of the
Supreme Court in the third judicial department, entered
September 28, 1918, affirming a judgment in favor of
defendant entered upon a dismissal of the complaint by
the court at a Trial Term in an action to recover for breach
of an alleged oral contract whereby it was agreed between
plaintiff's assignor and defendant that said assignor
was to release to defendant his cause of action for
personal injuries sustained by him while in defendant's
employ on September 24, 1903, and defendant in turn
agreed to pay his doctor's bills, and pay him nine dollars
per week until such time as he was able to go to work,
and then to give him a life job at such work as he was
able to do, and to pay him the prevailing rate of wages
for such employment. The defendant's answer was in
effect a general denial and set up the following separate
defenses: *First,* that the defendant was not the party
liable. *Second,* that plaintiff's assignor released his claim
to the defendant. *Third,* that the agreement set forth
in the complaint was *ultra vires*. *Fourth,* that the agree-
ment set forth in the complaint was void by the Statute
of Frauds. *Fifth,* that the plaintiff was not the real
party in interest. *Sixth,* the defense of payment.
*Seventh,* that the plaintiff's cause of action did not accrue
within six years of the commencement of the action.

*Walter A. Fullerton* for appellant.

*John A. Delehanty* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO,
POUND, CRANE and ANDREWS, JJ.